## CIRCUIT COURT OF LOUDOUN COUNTY

Thomas E. Patten, III

v.

Zoning Appeals Board
of Loudoun County

November 19, 1999

Case No. (Law) 22578

BY JUDGE THOMAS D. HORNE

Thomas E. Patten, III, seeks judicial review of a decision of the Loudoun County Board of Zoning Appeals pursuant to the provisions of § 15.2-2314, Code of Virginia. He asks that this Court reverse the decision of the Board as to two specific issues. These issues involve an interpretation of the provisions of the Loudoun County Zoning Ordinance relating to side yard setbacks and the placement of a light. Petitioner is the owner of a parcel adjacent to that upon which the affected building and light have been constructed. In its review of the instant case, the Court is mindful of its responsibility to accord a presumption of correctness to the decision of the Board.

The subject decision of the Board is an affirmation of an earlier interpretation rendered by the Zoning Administrator. In her opinion, the Zoning Administrator concluded that a five-foot side setback was required in connection with the construction of a building on the property owned by Mr. and Mrs. Spinks and adjacent to that of the petitioner. Furthermore, she found that the eaves and gutters of a structure might overhang the five-foot setback area to a point not less than thirty inches from the adjacent property line. Neither she nor the Board made a determination as to whether in fact the building was in violation of the relevant ordinance provision. Petitioner would in these proceedings entreat the Court to find such a violation has been committed. This is an invitation the Court declines as it was not part of the

Board's decision and is not a proper subject for consideration by this Court in these certiorari proceedings. Accordingly, the Court will affirm the decision of the Board as to its interpretation of the ordinance.

The second subject of inquiry raised by the instant writ involves a light erected by Mr. and Mrs. Spinks at their expense on their property. This light is described as being five feet from the property line on top of a twenty-four foot pole. Mrs. Spinks testified as follows concerning the purpose for which the light was erected,

> When I come back into my driveway it's complete darkness. That's why I wanted the light put up there so that when I pulled into my driveway it wouldn't be so dark.

Erection of the light was not undertaken as part of an overall plan to illuminate the public street. Its placement was to provide for light for the landowner and not the traveling public. No public safety issues are implicated by the placement of the light. It offers security for the Spinks' but is an annoyance to the petitioner.

It was the conclusion of the Board of Zoning Appeals, consistent with the decision of the Zoning Administrator, that the light was exempt from the requirements of § 5-1504(A) of the Zoning Ordinance as it was "street lighting." That section provides as follows:

> All sources of glare (direct or reflected artificial light) from any source (other than in connection with operating motor vehicles and or street lighting) must not cause illumination in excess of 0.25 foot candles above background light levels measured at the boundary of any commercial or industrial use abutting any residential use or at the lot line with any residential district, or, in residential or agricultural districts, at the lot line of any adjacent lot. In addition, in the A-3, A-10, A-25, RR, and CR districts, lights shall be shielded so that the direct glare of the bulb is not visible beyond the property line of the parcel.

A "streetlight" is defined in Article 8 of the Zoning Ordinance as, "[a] pole or pedestal mounted luminaire with a metal halide or other full spectrum bulb."

The Board, and the Zoning Administrator, concluded that the light erected by the neighbor was similar to a streetlight and therefore exempt from the illumination restrictions in § 1504(A). A review of the instant record discloses that the light is a private security light. It is not "street lighting." The light is

set five feet onto the property of the petitioner in the trees. There is nothing in the record, other than its similarity in appearance to a street light, which would lead one to conclude it is street lighting. The definition of "streetlight," as defined by the ordinance, is descriptive of the type of light rather than the relationship of the light to the surrounding area. "Street lighting" implicates a relationship of the lighting to existing roads and structures. Webster's defines a "streetlight" as, "one of a series of lights usually attached to tall poles, spaced at intervals along a public street or roadway and illuminated automatically from dusk to dawn."

Even in the photographs, the Court notes an interrelationship of the other street lighting on Maryland Avenue to the illumination of the road that is not evident in the placement of the subject light on the neighbor's property. The decision of the Board with respect to the light is plainly wrong. Accordingly, the finding that the light is street lighting is reversed. It is private security lighting which must meet the requirements set forth in § 5-1504(A) of the Loudoun County Zoning Ordinance.

The Court will affirm in part and reverse in part the decision of the Board.